| | |
|---|---|
| ERIN M. BOSMAN (CA SBN 204987)<br>EBosman@mofo.com<br>JULIE Y. PARK (CA SBN 259929)<br>JuliePark@mofo.com<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive<br>San Diego, California 92130-2040<br>Telephone: 858.720.5100<br>Facsimile: 858.720.5125<br><br>Attorneys for Defendant<br>McKESSON CORPORATION | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERRI KELLERMAN;<br><br>        Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; MERCK & CO., INC.; SCHERING CORPORATION; and MCKESSON CORPORATION;<br><br>        Defendants. | Case No. 3:14-cv-03680-WHA<br><br>**DEFENDANT MCKESSON CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 8, 2015<br>Time: 8:00 a.m.<br>Crtrm: 8, 19th Floor<br><br>Judge: The Honorable William Alsup<br><br>Date Action Filed: August 14, 2014 |

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: |
| 3 | PLEASE TAKE NOTICE that on January 8, 2015, Defendant McKesson Corporation will |
| 4 | and hereby does move to dismiss the Sixth, Seventh and Eighth Causes of Action of Plaintiff's |
| 5 | Complaint pursuant to Rules 12(b)(6) and 9(b) for failure to state fraud claims with particularity. |
| 6 | This Motion will be based on this Notice, the accompanying Memorandum of Points and |
| 7 | Authorities concurrently filed herewith, the pleadings and papers on file with the Court, and such |
| 8 | other evidence and argument as may be presented at the hearing. |

Dated: September 29, 2014      MORRISON & FOERSTER LLP

By:   /s/Erin M. Bosman
         ERIN M. BOSMAN

Attorneys for Defendant
McKESSON CORPORATION

DEFENDANT MCKESSON CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS; MPA IN SUPPORT THEREOF
CASE NO. 3:14-cv-03680-WHA
sd-649783

1

## I. INTRODUCTION

McKesson Corporation ("McKesson") distributes products for numerous pharmaceutical companies across the United States. As a distributor, McKesson's role is limited to ensuring that finished, labeled pharmaceutical products such as the Avelox at issue in this matter make it from the drug manufacturer to patient-facing entities such as pharmacies and hospitals. McKesson is not in the business of labeling Avelox or promoting Avelox to patients or doctors.

Despite McKesson's limited role as a distributor of Avelox, Plaintiff lumps McKesson with all the other defendants in making vague claims of fraud and negligent misrepresentation that allegedly caused her injuries. Because these general allegations fail to meet heightened federal pleading requirements for fraud claims, Plaintiff's Sixth, Seventh, and Eighth Causes of Action should be dismissed.

## II. PLAINTIFF'S COMPLAINT

According to Plaintiff's Complaint, McKesson is "the largest pharmaceutical distributor in North America." (Compl. ¶ 22.) "Avelox is a broad spectrum synthetic antibacterial agent manufactured by Bayer and marketed and sold in the United States . . . by . . . Merck." (*Id.* ¶ 38.) Plaintiff alleges that McKesson was a distributor of Avelox. (*Id.* ¶ 24.)

Plaintiff brings eight causes of action against all Defendants alleging injury from taking Avelox. These causes of action include Fraud (Sixth Cause of Action), Negligent Misrepresentation (Seventh Cause of Action), and Fraudulent Concealment (Eighth Cause of Action) (collectively, the "fraud-based claims"). These fraud-based claims make repeated allegations regarding all "Defendants" without identifying any particular statement, misrepresentation, or omission made by McKesson. (*See generally* Compl.) Nor does the Complaint specify the time, place, or manner of any statements made by these "Defendants." (*Id.*)

## III. ARGUMENT

Plaintiff's claims for fraud, negligent misrepresentation, and fraudulent concealment should be dismissed against McKesson because they lack the specificity required for fraud-based claims. Rule 9(b) requires a complaint to state "with particularity the circumstances constituting"

the fraud. Fed. R. Civ. P. 9(b). This means Plaintiff must allege the time, date, place, and content of each fraudulent statement, and explain, in detail, why each statement was false at the time it was made. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

In the Ninth Circuit, it is well-established "that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted). Moreover, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at 764 (internal quotations, brackets, and citation omitted). *See also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (plaintiff must plead with particularity "the role of each defendant in each scheme"). Plaintiff's fraud-based claims fall short of this heightened standard and should be dismissed.

The five elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Cos.*, 30 Cal. 4th 167, 173 (2003) (quoting *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996)); *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007).[1] Negligent misrepresentation shares the same elements except it does not require intent to defraud. *See OCM Principal Opportunities Fund L.P. v. CIBC World Markets Corp.*, 157 Cal. App. 4th 835, 845 (2007), as modified (Dec. 26, 2007).

---

[1] Under Tennessee law fraud consists of four elements: "(1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, [] (3) an injury caused by reasonable reliance on the representation . . . [and (4)] that the misrepresentation involve a past or existing fact . . . ." *Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992) (citations omitted).

DEFENDANT MCKESSON CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS; MPA IN SUPPORT THEREOF
CASE NO. 3:14-cv-03680-WHA
sd-649783

2

Plaintiff's allegations fail to meet these heightened pleading requirements. Not once does Plaintiff specify a statement or omission attributable to McKesson. (*See generally* Compl.) Instead, Plaintiff repeatedly makes allegations regarding all "Defendants" in attempting to state her fraud-based claims. For example:

- "Defendants misrepresented . . . ." (Compl. ¶ 112);
- "Defendants made misrepresentations . . . ." (*id.* ¶ 113); and
- "Defendants knew or should have known that these representations were false . . . ." (*id.* ¶ 115).

Throughout Plaintiff's fraud-based claims (*id.* ¶¶ 111-139) she continues to consistently attribute statements and omissions to all "Defendants." This is insufficient as these allegations fail to "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at 764-65. On this basis alone Plaintiff's fraud-based claims should be dismissed.

The Central District of California dismissed a plaintiff's fraud claims under similar circumstances. *Sherman v. Stryker Corp.*, No. SACV 09-224 JVS (ANX), 2009 WL 2241664 (C.D. Cal. Mar. 30, 2009). There, like here, the plaintiff sued multiple defendants in a product liability case and alleged fraud. *Id.* at *1. Even though the plaintiff argued she pled all of the elements of her fraud-based claim, the court found this insufficient:

> But the issue is not whether [plaintiff] has pled all the elements of negligent misrepresentation, but whether she has done so with the requisite specificity. The Court finds that she has not. Aside from making allegations against the defendants in general, rather than any defendant in particular, [plaintiff] fails to specify who made the alleged representation, when the representation was made, where the representation was made, or how the representation was communicated.

*Id.* at *2. Just as in *Sherman*, Plaintiff here has not only lumped together multiple defendants, but has also failed to "specify who made the alleged representation, when the representation was made, where the representation was made, or how the representation was communicated." Without this information, Plaintiff has not given McKesson sufficient "notice of the particular misconduct . . . so that [it] can defend against the charge . . . ." *Vess*, 317 F.3d at 1106.

DEFENDANT MCKESSON CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS; MPA IN SUPPORT THEREOF
CASE NO. 3:14-cv-03680-WHA
sd-649783

3

Finally, Plaintiff cannot amend her Complaint to state fraud-based claims against McKesson with particularity, as McKesson was a distributor and not a marketer of Avelox. (Compl. ¶¶ 36, 38.) Accordingly, Plaintiff's fraud-based claims should be dismissed against McKesson, without leave to amend.

### IV. CONCLUSION

Plaintiff's fraud-based claims lack essential allegations, rendering the claims fatally defective. Plaintiff could not state her fraud-based claims against McKesson even if granted leave to amend. For these reasons, McKesson respectfully requests that the Court dismiss with prejudice the Sixth, Seventh, and Eighth Causes of Action in Plaintiff's Complaint.

Dated: September 29, 2014        MORRISON & FOERSTER LLP

By: ⎯⎯⎯/s/Erin M. Bosman⎯⎯⎯
ERIN M. BOSMAN

Attorneys for Defendant
McKESSON CORPORATION

DEFENDANT MCKESSON CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS; MPA IN SUPPORT THEREOF
CASE NO. 3:14-cv-03680-WHA
sd-649783

4

# CERTIFICATE OF SERVICE

I certify that on September 29, 2014, I caused a copy of the following document to be filed electronically and that the document is available for viewing and downloading from the ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

**DEFENDANT MCKESSON CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Executed this 29th day of September, 2014 at San Diego, California.

/s/Erin M. Bosman
Erin M. Bosman

CERTIFICATE OF SERVICE
CASE NO. 3:14-cv-03680-WHA
sd-649783

1