SHOOK, HARDY & BACON L.L.P.
ALICIA J. DONAHUE SBN 117412
adonahue@shb.com
AMIR NASSIHI, SBN 235936
anassihi@shb.com
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone: 415.544.1900
Facsimile: 415.391.0281

GOODELL, DEVRIES, LEECH & DANN, LLP
THOMAS J. CULLEN, JR. (*pro hac vice to be filed*)
tjc@gdldlaw.com
ERICKA L. DOWNIE (appearance *pro hac vice*)
edownie@gdldlaw.com
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: 410.783.4000
Facsimile: 410.783.4040

Attorneys for Defendants BAYER HEALTHCARE
PHARMACEUTICALS, INC., MERCK & CO., INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERRI KELLERMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; MERCK & CO., INC.; SCHERING CORPORATION; and MCKESSON CORPORATION,<br><br>            Defendants. | Case No.: 3:14-cv-3680 WHA<br><br>**ANSWER AND DEFENSES OF BAYER HEALTHCARE PHARMACEUTICALS, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

      Defendant Bayer HealthCare Pharmaceuticals, Inc. ("Bayer"), for themselves and no other defendants, hereby submits this Answer to Plaintiff Sherri Kellerman's ("Plaintiff") Complaint (the "Complaint").

# FIRST RESPONSE TO "INTRODUCTION"

1.     Paragraph 1 of the Complaint states legal conclusions to which no answer is required. To the extent a response may be required, Bayer admits that Avelox® is a fluoroquinolone antibacterial indicated for treating certain bacterial infections in adults ≥ 18 years of age caused by designated, susceptible bacteria.  Except as so stated, Bayer denies the allegations in Paragraph 1 of the Complaint.  Bayer further states that, to the extent the Complaint contains allegations referring to entities other than Bayer HealthCare Pharmaceuticals, Inc. (individually or collectively) as "Defendant" and/or "Defendants," Bayer is not answering the Complaint on behalf of any entities other than Bayer HealthCare Pharmaceuticals, Inc. and is not answering allegations that are directed to any entities other than Bayer HealthCare Pharmaceuticals, Inc.

# FIRST RESPONSE TO "PARTIES"

2.     Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint concerning Plaintiff's residence and citizenship and therefore deny them.  The remaining allegations in Paragraph 2 of the Complaint state legal conclusions to which no answer is required.  To the extent that a response is required to the remaining allegations in Paragraph 2 of the Complaint, Bayer denies the allegations and denies that Bayer is liable for any damages and that any relief as requested in the Complaint should be granted against Bayer.

3.     Bayer admits that it is a Delaware corporation and states that its principal place of business is in Whippany, New Jersey.

4.     Bayer admits that Bayer Pharmaceuticals Corporation was merged into Bayer HealthCare Pharmaceuticals, Inc. in January 2008.

5.     Paragraph 5 of the Complaint states legal conclusions to which no answer is required. To the extent a response is required, Bayer admits that it has done business in California.  Except as so stated, Bayer denies the allegations in Paragraph 5 of the Complaint.

6.     The allegations in Paragraph 6 of the Complaint are so vague and overbroad that they cannot be answered with specificity.  To the extent the allegations relate to Avelox®, Bayer admits that it earns revenue from the sales of Avelox® in California.  Except as so stated, Bayer deny the

2

allegations in Paragraph 6 of the Complaint.

7.    The allegations in Paragraph 7 of the Complaint are so vague and overbroad that they cannot be answered with specificity.  The Complaint does not define "acts" or "consequences."  As such, no response is required.  To the extent a response is required, Bayer incorporates its answer to Paragraph 6 of the Complaint.  Except as so stated, Bayer denies the allegations in Paragraph 7 of the Complaint.

8.    Bayer admits that it manufactures, labels, supplies, sells, and distributes Avelox® in the United States.  Bayer also admits that it earns revenue from the sales of Avelox®.  Except as so stated, Bayer denies the allegations in Paragraph 8 of the Complaint.

9.    Paragraph 9 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 9 are directed at Bayer, they are denied.

10.    Paragraph 10 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 10 are directed at Bayer, they are denied.

11.    Paragraph 11 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 11 are directed at Bayer, they are denied.

12.    Paragraph 12 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 12 are directed at Bayer, they are denied.

13.    Paragraph 13 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 13 are directed at Bayer, they are denied.

14.    Paragraph 14 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 14 are directed at Bayer, they are denied.

15.    Paragraph 15 of the Complaint makes allegations against defendants other than

Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 15 are directed at Bayer, they are denied.

16.     Paragraph 16 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 16 are directed at Bayer, they are denied.

17.     Paragraph 17 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 17 are directed at Bayer, they are denied.

18.     Paragraph 18 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 18 are directed at Bayer, they are denied.

19.     Paragraph 19 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 19 are directed at Bayer, they are denied.

20.     Bayer admits that Schering Corporation promoted Avelox® in the United States prior to its acquisition by Merck & Co., Inc. on November 4, 2009.  Except as so stated, Bayer denies the allegations in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 21 are directed at Bayer, they are denied.

22.     Paragraph 22 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 22 are directed at Bayer, they are denied.

23.     Paragraph 23 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 23 are directed at Bayer, they are denied.

24.     Bayer admits that McKesson Corporation is a distributor of Avelox®.  Except as so stated, Bayer denies the allegations in Paragraph 24 of the Complaint.

4

25.     The allegations in Paragraph 25 of the Complaint are so vague and overbroad that they cannot be answered with specificity.  The Complaint does not define "research services" and does not specify what, if any, services McKesson Corporation allegedly provided to Bayer.  As such, no response is required.  To the extent a response is required, Bayer incorporates its answer to Paragraph 24 of the Complaint.  Except as so stated, Bayer denies the allegations in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 26 are directed at Bayer, they are denied.

27.     Paragraph 27 of the Complaint contains a statement that does not require an admission or denial, as no allegations are stated.

28.     Paragraph 28 of the Complaint states legal conclusions to which no answer is required.  To the extent a response is required, Bayer incorporate its answers to Paragraphs 5 and 6 of the Complaint.   Except as so stated, Bayer denies the allegations in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint states legal conclusions to which no answer is required.  To the extent a response is required, Bayer incorporates its answers to Paragraphs 5 and 6 of the Complaint.  Except as so stated, Bayer denies the allegations in Paragraph 29 of the Complaint.

30.     In response to the allegations in Paragraph 30 of the Complaint, Bayer incorporates its answer to Paragraph 8 of the Complaint.  Except as so stated, Bayer denies the allegations in Paragraph 30 of the Complaint.

## FIRST RESPONSE TO "JURISDICTION AND VENUE"

31.     Paragraph 31 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Bayer incorporates its answer to Paragraph 3 of the Complaint.  Bayer further states that the cited statutory provision is in writing, speaks for itself, and is the best evidence of its terms, and denies any allegations inconsistent therewith.  Except as so stated, Bayer denies the allegations in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint states legal conclusions to which no response is required. Bayer further states that the cited statutory provision is in writing, speaks for itself, and is the best evidence of its terms, and deny any allegations inconsistent therewith.  Except as so stated, Bayer denies the allegations in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Bayer incorporates its answer to Paragraph 8 of the Complaint.  Bayer further states that the cited statutory provision is in writing, speaks for itself, and is the best evidence of its terms, and deny any allegations inconsistent therewith.  Except as so stated, Bayer denies the allegations in Paragraph 33 of the Complaint.

## FIRST RESPONSE TO "FACTUAL ALLEGATIONS"

34.     In response to the allegations in Paragraph 34 of the Complaint, Bayer incorporates its answer to Paragraph 8 of the Complaint.  Except as so stated, Bayer denies the allegations in Paragraph 34 of the Complaint.

35.     Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies them.

36.     Paragraph 36 of the Complaint makes allegations against defendants other than Bayer, so no response from Bayer is required.  To the extent that the allegations in Paragraph 36 are directed at Bayer, they are denied.

37.     Bayer admits that the United States Food and Drug Administration ("FDA") approved Avelox® for use in the United States on December 10, 1999.  Bayer further admits that Avelox® is the brand name for the antibiotic moxifloxacin.

38.     Bayer admits that Avelox® is a fluoroquinolone antibacterial indicated for treating certain bacterial infections in adults ≥ 18 years of age caused by designated, susceptible bacteria. Bayer further admits that Avelox® is administered by oral tablet and IV solution.  In response to the remaining allegations in Paragraph 38 of the Complaint, Bayer incorporates its answer to Paragraph 8 of the Complaint.  Except as so stated, Bayer denies the allegations in Paragraph 38 of the Complaint.

39.     In response to the allegations in Paragraph 39 of the Complaint, Bayer incorporates

its answer to Paragraph 38 of the Complaint. Bayer further admits that the bactericidal action of moxifloxacin results from inhibition of the topoisomerase II (DNA gyrase) and topoisomerase IV required for bacterial DNA replication, transcription, repair, and recombination. Except as so stated, Bayer denies the allegations in Paragraph 39 of the Complaint.

40.    The allegations in Paragraph 40 of the Complaint are not directed towards Bayer, so no response from Bayer is required. To the extent a response is required, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies them.

41.    The allegations in Paragraph 41 of the Complaint are not directed towards Bayer, so no response from Bayer is required. To the extent a response is required, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies them.

42.    The allegations in Paragraph 42 of the Complaint are not directed towards Bayer, so no response from Bayer is required. To the extent a response is required, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies them.

43.    Bayer admits that it submitted a New Drug Application for Avelox® on December 9, 1998. Except as so stated, Bayer denies the allegations in Paragraph 43 of the Complaint.

44.    Bayer admits that the patent for Cipro® expired in 2003. Except as so stated, Bayer denies the allegations in Paragraph 44 of the Complaint.

45.    Bayer denies the allegations in Paragraph 45 of the Complaint.

46.    Bayer admits that it maintains a website for Avelox®, the content of which speaks for itself. Except as so stated, Bayer denies the allegations in Paragraph 46 of the Complaint.

47.    Bayer denies the allegations in Paragraph 47 of the Complaint.

48.    Bayer denies the allegations in Paragraph 48 of the Complaint.

49.    Bayer denies the allegations in Paragraph 49 of the Complaint.

50.    Bayer admits that Avelox® has product labeling, the content of which speaks for itself. Bayer denies that the warnings for Avelox® were inadequate and denies the remaining

allegations in Paragraph 50 of the Complaint.

51.     In response to the allegations in Paragraph 51 of the Complaint, Bayer incorporates its answer to Paragraph 50 of the Complaint.

52.     Bayer states that in 1999, Avelox® was approved by the FDA as safe and effective for the uses and indications set forth in the label and package insert and that, subsequently, any labeling changes or additions were made per FDA approval.  Bayer further states that no "Dear Doctor" letters have been issued in the United States that are specific to Avelox and peripheral neuropathy.  Moreover, the FDA has not requested that such a letter be disseminated.  Bayer denies the remaining allegations in Paragraph 52 of the Complaint.

53.     Bayer denies the allegations in Paragraph 53 of the Complaint.

54.     Bayer states that the literature referenced in Paragraph 54 of the Complaint speaks for itself, and denies the allegations in Paragraph 54 to the extent they are inconsistent with the contents of the literature.  Except as so stated, Bayer denies the allegations in Paragraph 54 of the Complaint.

55.     Bayer states that the literature referenced in Paragraph 55 of the Complaint speaks for itself, and denies the allegations in Paragraph 55 to the extent they are inconsistent with the contents of the literature.  Except as so stated, Bayer denies the allegations in Paragraph 55 of the Complaint.

56.     Bayer states that the literature referenced in Paragraph 56 of the Complaint speaks for itself, and denies the allegations in Paragraph 56 to the extent they are inconsistent with the contents of the literature.  Except as so stated, Bayer denies the allegations in Paragraph 56 of the Complaint.

57.     Bayer states that the literature referenced in Paragraph 57 of the Complaint speaks for itself, and denies the allegations in Paragraph 57 to the extent they are inconsistent with the contents of the literature.  Except as so stated, Bayer denies the allegations in Paragraph 57 of the Complaint.

58.     Bayer states that adverse event reports speak for themselves, and denies the allegations in Paragraph 58 of the Complaint to the extent they are inconsistent with the adverse event reports.  Bayer admits that it complied with all FDA requirements and regulations regarding the warnings contained in Avelox®'s label.  Except as so stated, Bayer denies the allegations in Paragraph 58 of the Complaint.

59.     Bayer states that adverse event reports speak for themselves, and denies the

8

allegations in Paragraph 59 of the Complaint to the extent they are inconsistent with the adverse event reports. Bayer admits that it complied with all FDA requirements and regulations regarding the warnings contained in Avelox®'s label. Except as so stated, Bayer denies the allegations in Paragraph 59 of the Complaint.

60. Bayer admits that the product labeling for Avelox® was amended in September 2004. Bayer further states that the content of the product labeling for Avelox® speaks for itself. Bayer denies that the warnings for Avelox® were inadequate and denies the remaining allegations in Paragraph 60 of the Complaint.

61. Bayer denies the allegations in Paragraph 61 of the Complaint.

62. Bayer denies the allegations in Paragraph 62 of the Complaint.

63. Bayer denies the allegations in Paragraph 63 of the Complaint.

64. Bayer admits that Avelox® has been approved by the FDA as safe and effective for the uses and indications set forth in the label and package insert. Except as so stated, Bayer denies the allegations in Paragraph 64 of the Complaint.

65. Bayer admits that product labeling for Avelox® was amended on August 15, 2013. Bayer further states that the content of the product labeling for Avelox® speaks for itself. Bayer denies that the warnings for Avelox® were inadequate and denies the remaining allegations in Paragraph 65 of the Complaint.

66. Bayer states that the literature referenced in Paragraph 66 of the Complaint speaks for itself, and denies the allegations in Paragraph 66 to the extent they are inconsistent with the contents of the literature. Except as so stated, Bayer denies the allegations in Paragraph 66 of the Complaint.

## FIRST RESPONSE TO "EQUITABLE TOLLING OF APPLICABLE STATUTE OF LIMITATIONS"

67. Bayer incorporates by reference its responses to each and every paragraph in the Complaint.

68. Paragraph 68 of the Complaint states legal conclusions to which no answer is required. To the extent a response is required, Bayer denies the allegations in Paragraph 68 of the Complaint.

69.    Paragraph 69 of the Complaint states legal conclusions to which no answer is required.  To the extent a response is required, Bayer denies the allegations in Paragraph 69 of the Complaint.

70.    Paragraph 70 of the Complaint states legal conclusions to which no answer is required.  To the extent a response is required, Bayer denies the allegations in Paragraph 70 of the Complaint.

71.    Paragraph 71 of the Complaint states legal conclusions to which no answer is required.  To the extent a response is required, Bayer denies the allegations in Paragraph 71 of the Complaint.

72.    Paragraph 72 of the Complaint contains a statement that does not require an admission or denial, as no allegations are stated.

## **FIRST RESPONSE TO "FIRST CAUSE OF ACTION**

### **[Strict Liability]"**

73.    Bayer denies that Avelox® was defective and denies the remaining allegations in Paragraph 73 of the Complaint.

74.    Bayer denies that Avelox® was defective and denies the remaining allegations in Paragraph 74 of the Complaint.

75.    Paragraph 75 of the Complaint states legal conclusions to which no answer is required.  Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore denies them.  Except as so stated, Bayer denies the allegations in Paragraph 75 of the Complaint.

76.    Bayer denies that Avelox® was defective and denies the remaining allegations in Paragraph 76 of the Complaint.

77.    Bayer denies that Avelox® was defective and denies the remaining allegations in Paragraph 77 of the Complaint.

78.    Bayer denies that Avelox® was defective and denies the remaining allegations in Paragraph 78 of the Complaint.

79.    Bayer denies that Avelox® was defective and denies the remaining allegations in

Paragraph 79 of the Complaint.

WHEREFORE, Bayer demands judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, an award of attorneys' fees, interest and costs of suit, and such other and further relief as the Court deems just and necessary.

## FIRST RESPONSE TO "SECOND CAUSE OF ACTION

### [Product Liability – Failure to Warn]"

80.    Bayer incorporates by reference its responses to each and every paragraph in the Complaint.

81.    In response to the allegations in Paragraph 81 of the Complaint, Bayer incorporates its answer to Paragraph 8 of the Complaint. Except as so stated, Bayer denies the allegations in Paragraph 81 of the Complaint.

82.    In response to the allegations in Paragraph 82 of the Complaint, Bayer incorporates its answer to Paragraph 8 of the Complaint. Except as so stated, Bayer denies the allegations in Paragraph 82 of the Complaint.

83.    Bayer denies that Avelox® was defective and that Avelox®'s warnings were inadequate. Bayer further denies the remaining allegations in Paragraph 83 of the Complaint.

84.    Bayer denies that Avelox® was defective. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 of the Complaint and therefore denies them.

85.    Paragraph 85 of the Complaint states legal conclusions to which no answer is required. To the extent a response is required, Bayer denies the allegations in Paragraph 85 of the Complaint.

86.    Bayer denies that Avelox® was dangerous or unsafe and denies the remaining allegations in Paragraph 86 of the Complaint.

87.    Bayer denies that Avelox®'s warnings were inadequate and denies the remaining allegations in Paragraph 87 of the Complaint.

88.    Paragraph 88 of the Complaint states legal conclusions to which no answer is required. To the extent a response may be required, Bayer denies that Avelox®'s warnings were

11

inadequate and denies the remaining allegations in Paragraph 88 of the Complaint.

89.     Bayer denies that Avelox® was defective.   Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 of the Complaint and therefore denies them.

90.     Paragraph 90 of the Complaint states legal conclusions to which no answer is required. To the extent a response is required, Bayer denies the allegations in Paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint states legal conclusions to which no answer is required. To the extent a response is required, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint and therefore denies them.

92.     Bayer denies the allegations in Paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint states legal conclusions to which no answer is required. To the extent a response may be required, Bayer denies liability for any injury alleged in the Complaint and denies the remaining allegations in Paragraph 93 of the Complaint.  Except as so stated, Bayer denies the allegations in Paragraph 93 of the Complaint.

WHEREFORE, Bayer demands judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, an award of attorneys' fees, interest and costs of suit, and such other and further relief as the Court deems just and necessary.

## FIRST RESPONSE TO "THIRD CAUSE OF ACTION

## [Negligence]"

94.     Bayer incorporates by reference its responses to each and every paragraph in the Complaint.

95.     Paragraph 95 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer denies that it had any duty to provide warnings directly to Plaintiff, denies that it breached any applicable duty of care relating to Plaintiff's claims, denies liability for any injury alleged in the Complaint, and denies the remaining allegations in Paragraph 95 of the Complaint.  Except as so stated, Bayer denies the allegations in

Paragraph 95 of the Complaint.

96.    Bayer denies the allegations in Paragraph 96 of the Complaint.

97.    Bayer denies the allegations in Paragraph 97 of the Complaint, including all subparts thereof.

98.    Bayer denies the allegations in Paragraph 98 of the Complaint.

99.    Bayer denies liability for any injury alleged in the Complaint and denies the remaining allegations in Paragraph 99 of the Complaint.

WHEREFORE, Bayer demands judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, an award of attorneys' fees, interest and costs of suit, and such other and further relief as the Court deems just and necessary.

## FIRST RESPONSE TO "FOURTH CAUSE OF ACTION

### [Breach of Express Warranty]"

100.    Bayer incorporates by reference its responses to each and every paragraph in the Complaint.

101.    Paragraph 101 of the Complaint states legal conclusions to which no answer is required.  To the extent a response is required, Bayer admits that Avelox® is indicated to treat certain bacterial infections in adults ≥ 18 years of age caused by designated, susceptible bacteria, and is safe and effective when used in accordance with Avelox®'s FDA-approved labeling.  Except as so stated, Bayer denies the allegations in Paragraph 101 of the Complaint.

102.    Bayer denies the allegations in Paragraph 102 of the Complaint.

103.    Bayer denies liability for any injury alleged in the Complaint and denies the remaining allegations in Paragraph 103 of the Complaint.

WHEREFORE, Bayer demands judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, an award of attorneys' fees, interest and costs of suit, and such other and further relief as the Court deems just and necessary.

## FIRST RESPONSE TO "FIFTH CAUSE OF ACTION

### [Breach of Implied Warranty]"

104.    Bayer incorporates by reference its responses to each and every paragraph in the

13

Complaint.

105. Paragraph 105 of the Complaint states legal conclusions to which no answer is required. To the extent a response is required, Bayer incorporates its answer to Paragraph 8 of the Complaint. Bayer further admits that Avelox® is indicated to treat certain bacterial infections in adults ≥ 18 years of age caused by designated, susceptible bacteria, and is safe and effective when used in accordance with Avelox®'s FDA-approved labeling. Except as so stated, Bayer denies the allegations in Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint states legal conclusions to which no answer is required. To the extent a response is required, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint and therefore denies them.

107. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and therefore denies them.

108. Bayer denies the allegations in Paragraph 108 of the Complaint.

109. Bayer denies the allegations in Paragraph 109 of the Complaint.

110. Bayer denies liability for any injury alleged in the Complaint and denies the remaining allegations in Paragraph 110 of the Complaint.

WHEREFORE, Bayer demands judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, an award of attorneys' fees, interest and costs of suit, and such other and further relief as the Court deems just and necessary.

## FIRST RESPONSE TO "SIXTH CAUSE OF ACTION

### [Fraud]"

111. Bayer incorporates by reference its responses to each and every paragraph in the Complaint.

112. Bayer denies the allegations in Paragraph 112 of the Complaint.

113. Bayer denies the allegations in Paragraph 113 of the Complaint, including all subparts thereof.

114. Bayer denies the allegations in Paragraph 114 of the Complaint.

1    115.    Bayer denies the allegations in Paragraph 115 of the Complaint.

2    116.    Bayer denies the allegations in Paragraph 116 of the Complaint.

3    117.    Bayer denies the allegations in Paragraph 114 of the Complaint.

4    118.    Paragraph 118 of the Complaint states legal conclusions to which no answer is
5    required.  To the extent a response is required, Bayer denies the allegations in Paragraph 118 of the
6    Complaint.

7    119.    Paragraph 119 of the Complaint states legal conclusions to which no answer is
8    required.  To the extent a response may be required, Bayer denies that it had any duty to provide
9    warnings directly to Plaintiff, denies that it breached any applicable duty of care relating to
10   Plaintiff's claims, denies liability for any injury alleged in the Complaint, and denies the remaining
11   allegations in Paragraph 119 of the Complaint.  Except as so stated, Bayer denies the allegations in
12   Paragraph 119 of the Complaint.

13   120.    Bayer denies the allegations in Paragraph 120 of the Complaint.

14   121.    Bayer denies liability for any injury alleged in the Complaint and denies the
15   remaining allegations in Paragraph 121 of the Complaint.

16   WHEREFORE, Bayer demands judgment in their favor and against Plaintiff, dismissing the
17   Complaint with prejudice, an award of attorneys' fees, interest and costs of suit, and such other and
18   further relief as the Court deems just and necessary.

19   ### FIRST RESPONSE TO "SEVENTH CAUSE OF ACTION

20   ### [Negligent Misrepresentation]"

21   122.    Bayer incorporates by reference its responses to each and every paragraph in the
22   Complaint.

23   123.    Bayer denies the allegations in Paragraph 123 of the Complaint.

24   124.    Bayer denies the allegations in Paragraph 124 of the Complaint, including all subparts
25   thereof.

26   125.    Bayer denies the allegations in Paragraph 125 of the Complaint.

27   126.    Bayer denies the allegations in Paragraph 126 of the Complaint.

28   127.    Bayer denies the allegations in Paragraph 127 of the Complaint.

15

128.    Bayer denies the allegations in Paragraph 128 of the Complaint.

129.    Paragraph 128 of the Complaint states legal conclusions to which no answer is required.  To the extent a response is required, Bayer denies the allegations in Paragraph 128 of the Complaint.

130.    Paragraph 130 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer denies that it had any duty to provide warnings directly to Plaintiff, denies that it breached any applicable duty of care relating to Plaintiff's claims, denies liability for any injury alleged in the Complaint, and denies the remaining allegations in Paragraph 130 of the Complaint.  Except as so stated, Bayer denies the allegations in Paragraph 130 of the Complaint.

131.    Bayer denies the allegations in Paragraph 131 of the Complaint.

132.    Bayer denies liability for any injury alleged in the Complaint and denies the remaining allegations in Paragraph 132 of the Complaint.

WHEREFORE, Bayer demands judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, an award of attorneys' fees, interest and costs of suit, and such other and further relief as the Court deems just and necessary.

## FIRST RESPONSE TO "EIGHTH CAUSE OF ACTION

### [Fraudulent Concealment]"

133.    Bayer incorporates by reference its responses to each and every paragraph in the Complaint.

134.    Bayer denies the allegations in Paragraph 134 of the Complaint.

135.    Paragraph 135 of the Complaint states legal conclusions to which no answer is required.  To the extent a response is required, Bayer denies the allegations in Paragraph 135 of the Complaint.

136.    Paragraph 136 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer denies the allegations in Paragraph 135 of the Complaint.

137.    Paragraph 137 of the Complaint states legal conclusions to which no answer is

required. To the extent a response may be required, Bayer denies that it had any duty to provide warnings directly to Plaintiff, denies that it breached any applicable duty of care relating to Plaintiff's claims, denies liability for any injury alleged in the Complaint, and denies the remaining allegations in Paragraph 137 of the Complaint. Except as so stated, Bayer denies the allegations in Paragraph 137 of the Complaint.

138. Paragraph 139 of the Complaint states legal conclusions to which no answer is required. To the extent a response may be required, Bayer denies the allegations in Paragraph 139 of the Complaint.

139. Bayer denies the allegations in Paragraph 139 of the Complaint.

WHEREFORE, Bayer demands judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, an award of attorneys' fees, interest and costs of suit, and such other and further relief as the Court deems just and necessary.

## FIRST RESPONSE TO "PUNITIVE DAMAGES"

140. Bayer incorporates by reference its responses to each and every paragraph in the Complaint.

141. Bayer denies the allegations in Paragraph 141 of the Complaint.

142. Bayer denies the allegations in Paragraph 142 of the Complaint.

143. Bayer denies the allegations in Paragraph 143 of the Complaint.

144. Bayer denies the allegations in Paragraph 144 of the Complaint.

145. Bayer denies the allegations in Paragraph 145 of the Complaint.

146. Bayer denies the allegations in Paragraph 146 of the Complaint.

147. Bayer denies the allegations in Paragraph 147 of the Complaint.

148. Bayer denies liability for any injury alleged in the Complaint and denies the remaining allegations in Paragraph 148 of the Complaint.

149. Bayer denies that Plaintiff is entitled to punitive damages and the denies the remaining allegations in Paragraph 149 of the Complaint.

## FIRST RESPONSE TO "PRAYER FOR RELIEF"

WHEREFORE, Bayer demands judgment in their favor and against Plaintiff, dismissing the

Complaint with prejudice, an award of attorneys' fees, interest and costs of suit, and such other and further relief as the Court deems just and necessary.

## SEPARATE DEFENSES

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Bayer in this matter. Bayer accordingly preserves the right to assert these separate and additional defenses. Upon completion of discovery, if the facts warrant, Bayer may withdraw any of these additional defenses as may be appropriate. Bayer further reserves the right to amend their answer and defenses, and to assert additional defenses and other claims, as discovery proceeds.

Further answering, and by way of additional defense, Bayer states as follows:

### FIRST DEFENSE

The Complaint, and each of the alleged causes of action, fails to state a claim against Bayer upon which relief can be granted.

### SECOND DEFENSE

Venue may be improper and/or inconvenient in this Court.

### THIRD DEFENSE

Plaintiff may lack capacity or standing to bring this action.

### FOURTH DEFENSE

Plaintiff has failed to join necessary or indispensable parties.

### FIFTH DEFENSE

Plaintiff's claims may be barred by the doctrine(s) contained in the Restatement (Second) of Torts § 402A, Comment k, and/or the Restatement (Third) of Torts: Products Liability § 6. The pharmaceutical product in question is useful and desirable, and any risk claimed by Plaintiff with its use and the alleged injury, to the extent it exists, is unavoidable.

### SIXTH DEFENSE

Plaintiff's claims are governed and barred, in whole or in part, by Sections 2, 4, and 6 of The Restatement (Third) of Torts (including the comments thereto) because Bayer complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

18

## SEVENTH DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations and Repose, by operation of law, and because the "discovery rule" does not apply to Plaintiff's allegations or claims.

## EIGHTH DEFENSE

All or some of Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, laches, or estoppel.

## NINTH DEFENSE

Plaintiff has not suffered any actual injury, loss, or damages because of Plaintiff's alleged use of Avelox®.

## TENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because Bayer did not design, promote, or sell the products which form the basis of Plaintiff's claims.

## ELEVENTH DEFENSE

The subject product and/or critical evidence related thereto may have been destroyed, altered, concealed and/or spoliated by parties other than Bayer.

## TWELTH DEFENSE

Bayer specifically denies all allegations of duty, breach, negligence, causation, and all forms of damages.

## THIRTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the "learned intermediary" or "informed intermediary" doctrine.

## FOURTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because Plaintiff's damages or injuries were caused, in whole or in part, by negligence, fault, or wrongful conduct of Plaintiff or other parties, and Plaintiff's claims may be barred or limited by the doctrines of comparative fault or contributory negligence.

## FIFTEENTH DEFENSE

The alleged injuries or damages, if any, of the Plaintiff were caused by an intervening or

superseding cause and any action on the part of Bayer was not the proximate cause of the alleged injuries or damages, if any, of the Plaintiff, and the alleged injuries were caused, solely, partially, or proximately by the intervening actions, omissions, representations, misrepresentations, negligence, or breach of duty, of other persons, firms, or corporations that Bayer did not control and for whom Bayer is not legally liable and whose conduct they could not foresee or anticipate.

## SIXTEENTH DEFENSE

Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or any product manufactured or placed in the stream of commerce by, Bayer.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was manufactured and marketed.

## EIGHTEENTH DEFENSE

Plaintiff's alleged damages were not proximately caused by any act or omission of Bayer.

## NINETEENTH DEFENSE

All or part of the injuries, damages, and/or losses, if any, sustained by Plaintiff, if proven, were caused in whole or in part by the acts or omissions of others for whose conduct Bayer is not responsible and/or resulted from conditions or events unrelated to any conduct by Bayer.

## TWENTIETH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of learned consent.

## TWENTY-FIRST DEFENSE

Plaintiff was contributorily negligent, and the negligence of Plaintiff was greater than that of Bayer. Therefore, Plaintiff is barred from recovery.

## TWENTY-SECOND DEFENSE

As to the Plaintiff and/or any other entity or person whose conduct or intervening negligence resulted in the alleged injuries of the Plaintiff, Bayer expressly pleads the doctrine of assumption of the risk by the Plaintiff and these other persons and/or entities as a bar to the claims of the Plaintiff.

20

**TWENTY-THIRD DEFENSE**

Plaintiff's alleged injuries and damages were caused by factors other than, and unrelated to, Avelox®, including but not limited to pre-existing medical, genetic, and/or environmental conditions, diseases, or illnesses. Bayer had no control over such factors, nor were such factors due to or caused by the fault, lack of care, negligence, or breach of any duty by Bayer.

**TWENTY-FOURTH DEFENSE**

The labeling for the subject product gave full, complete and adequate warnings and instructions that complied with the applicable federal statutes and regulations. As a matter of law, where Bayer complied with federal regulations, its conduct cannot give rise to a state law cause of action for strict liability, negligence, or breach of warranties.

**TWENTY-FIFTH DEFENSE**

This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

**TWENTY-SIXTH DEFENSE**

To the extent there were any risks associated with the use of the product at issue in this action that Bayer knew or should have known and that gave rise to a duty to warn, Bayer at all times discharged such duty through appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge. In the alternative, Bayer had no duty to warn persons directly concerning risks, if any, associated with the use of said medication.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred because Avelox® was neither defective nor unreasonably dangerous in its design, manufacture, or marketing and was reasonably fit, suitable, and safe for its intended purpose.

**TWENTY-EIGHTH DEFENSE**

The benefits of the design and composition of the product outweigh the risks, if any, associated with it.

21

**TWENTY-NINTH DEFENSE**

Plaintiff's claims are barred because Avelox® was designed, manufactured, and marketed in accordance with the state of the art and when Avelox® left the control of Bayer; no practical and technically feasible alternative formulation was available that would have prevented the harm for which Plaintiff seeks to recover without substantially impairing the safety, efficacy, or usefulness of the product for its intended use.

**THIRTIETH DEFENSE**

Based on the state of scientific, medical, and technological knowledge existing at the time the product at issue in this action was allegedly consumed by Plaintiff, it was reasonably safe for its normal and foreseeable use at all relevant times, or in light of existing reasonably available medical, scientific, and technological knowledge.

**THIRTY-FIRST DEFENSE**

Plaintiff's alleged injuries or damages, if any, were the result of misuse or unintended use of the product or products at issue.

**THIRTY-SECOND DEFENSE**

If Plaintiff was injured or damaged by a product manufactured or marketed by Bayer, which Bayer denies, that product was altered, modified, or misused by individuals and/or entities over whom Bayer had no control or right of control, without Bayer' knowledge, consent, or advice, following the date of initial manufacture and/or sale of the product, and such alteration, modification, or misuse caused or contributed to the events alleged in Plaintiff's Complaint.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Avelox® is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 et seq., and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and the FDA's implementing regulations, and with the specific determinations by the FDA specifying the language that should be used in the labeling accompanying Avelox®. Accordingly, Plaintiff's claims are preempted by the

Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by the FDA under the FDCA.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims purportedly asserted under statutes and regulations relating to prescription drugs fail, in whole or in part, because those statutes and regulations do not contain or create any private cause of action.

## THIRTY-SIXTH DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred by *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

## THIRTY-SEVENTH DEFENSE

Plaintiff's warranty-based claims against Bayer are barred in whole or in part on grounds that Bayer did not make or breach any warranties applicable to Plaintiff.

## THIRTY-EIGHTH DEFENSE

Plaintiff's warranty-based claims are barred in whole or in part by Plaintiff's lack of reliance on such warranties.

## THIRTY-NINTH DEFENSE

Plaintiff lacks the requisite privity with Bayer to sustain a claim for breach of express or implied warranty.

## FORTIETH DEFENSE

Plaintiff's warranty-based claims against Bayer are barred in whole or in part to the extent that Plaintiff failed to give proper or timely notice of any alleged defect or breach of warranty to Bayer.

## FORTY- FIRST DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are

barred for failure of Plaintiff, or Plaintiff's representative, to comply with all applicable requirements for a breach of warranty claim. Bayer specifically pleads as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code, as enacted in the State of California, existing and which may arise in the future.

### FORTY-SECOND DEFENSE

Plaintiff's Complaint fails to state a claim for fraud, misrepresentation, deceit, concealment, suppression and/or omission, and fails to allege the circumstances constituting fraud with the required particularity.

### FORTY-THIRD DEFENSE

Bayer specifically pleads as to Plaintiff's allegations of fraud, misrepresentation, deceit, concealment, suppression and/or omission, all affirmative defenses available to Bayer under the rules and statutes of California and any state whose law is deemed to apply in this case, and under any common law principles of California and any state whose law is deemed to apply in this case.

### FORTY-FOURTH DEFENSE

Bayer neither owed nor breached any duty to Plaintiff and did not mislead Plaintiff or anyone claiming under them to their prejudice. Further, Bayer committed no act or omission that California law specifically declares to be fraudulent.

### FORTY-FIFTH DEFENSE

To the extent that any of Plaintiff's claims can be, or are construed as, alleging a violation of consumer protection laws, Bayer specifically pleads all affirmative defenses available to Bayer under the rules and statutes of any state whose law is deemed to apply in this case, and under the common law principles of any state whose law is deemed to apply in this case.

### FOURTY-SIXTH DEFENSE

Plaintiffs' damages, if any, may be limited, in whole or in part, by Plaintiffs' failure to mitigate.

### FOURTY-SEVENTH DEFENSE

Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part from collateral sources.

24

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

### FOURTY-EIGHTH DEFENSE

Bayer is entitled to any set-offs or deductions from any damages awarded under the doctrine of Collateral Source, both under common law and by statute.

### FOURTY-NINTH DEFENSE

If Plaintiff recovers damages, Bayer will be entitled to contribution, apportionment and/or indemnification to the extent such damages were sustained, in whole or in part, by reason of any wrongful conduct attributed to defendants other than Bayer.

### FIFTIETH DEFENSE

Plaintiff's damages, if any, may be barred, limited, or offset in the amount of any reimbursement received by Plaintiff as a result of any insurance or other health benefits plan, or any amounts paid by any insurance or other health benefits plan.

### FIFTY-FIRST DEFENSE

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Bayer, if any, should be reduced accordingly. Pursuant to the common law right to credits, reductions and setoffs, and other applicable law, any settlement reached between Plaintiff and a named defendant in this action shall reduce the amount of Plaintiff's recovery by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

### FIFTY-SECOND DEFENSE

Plaintiff's Complaint fails to state a claim on which relief can be granted for joint and several liability.

### FIFTY-THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Bayer and all its activities with respect to the subject product Avelox® have been and are conducted under the supervision of FDA.

25

**FIFTY-FOURTH DEFENSE**

Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

**FIFTY-FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because the commercial speech relating to Avelox® was not false or misleading and is protected under the First Amendment to the United States Constitution and by applicable state constitutional provisions.

**FIFTY-SIXTH DEFENSE**

To the extent Plaintiff's claims relate to Bayer's advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the California Constitution, or other applicable state constitution, such claims are barred.

**FIFTY-SEVENTH DEFENSE**

Any claims against Bayer are barred by reason of prescription and/or any preemption periods.

**FIFTY-EIGHTH DEFENSE**

The claims made by Plaintiff are precluded by res judicata and/or collateral estoppel principles, to the extent that there are prior actions raising the same claims and issues as are raised in this action, which prior actions were resolved after full and fair litigation.

**FIFTY-NINTH DEFENSE**

Plaintiff's Complaint fails to state a claim on which relief can be granted as to costs and disbursements, attorney fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, unjust enrichment, disgorgement, restitution, or treble damages.

**SIXTIETH DEFENSE**

Plaintiff's Complaint fails to state a claim against Bayer upon which relief can be granted for punitive or exemplary damages.

**SIXTY-FIRST DEFENSE**

Bayer denies any conduct for which punitive or exemplary damages could or should be

awarded and denies that Plaintiff has produced evidence sufficient to support or sustain the imposition of punitive damages against Bayer pursuant to the applicable standards of proof.

## SIXTY-SECOND DEFENSE

To the extent Plaintiff seeks recovery of punitive or exemplary damages against Bayer, unless Bayer's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Bayer's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the applicable state constitution, and would be improper under the common law and public policies of that state.

## SIXTY-THIRD DEFENSE

To the extent Plaintiff seeks recovery of punitive or exemplary damages against Bayer, any such claim of Plaintiff for punitive damages against Bayer cannot be maintained, because an award of punitive damages under applicable law would be unlawful and unauthorized, and would be void for vagueness, both facially and as applied, as a result of, among other deficiencies, the absence of adequate notice of what conduct is subject to punishment; the absence of adequate notice of what punishment may be imposed; and the absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, and by that applicable state constitution, and the common law and public policies of that state.

## SIXTY-FOURTH DEFENSE

To the extent Plaintiff seeks recovery of punitive or exemplary damages against Bayer, any such claim of Plaintiff for punitive damages against Bayer cannot be maintained, because any award of punitive damages under applicable law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the

27

basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Bayer, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is permitted to award punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, if any, to Plaintiff, (6) is permitted to award punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any and (7) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate Bayer's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process and equal protection provisions of the applicable state constitution, and would be improper under the common law and public policies of that state.

## SIXTY-FIFTH DEFENSE

To the extent Plaintiff seeks recovery of punitive or exemplary damages against Bayer, any award of punitive damages based on anything other than Bayer's conduct in connection with the design, manufacture, and sale of the specific Avelox® product that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process provisions of the applicable state constitution, and would be improper under the common law and public policies of that state, because any other judgment for punitive damages in this case cannot protect Bayer against impermissible multiple punishment for the same wrong and against punishment for extra territorial conduct, including especially conduct that is lawful in states other than the applicable state.  In addition, any such award would violate principles of comity under the laws of that state.

## SIXTY- SIXTH DEFENSE

Plaintiff cannot recover punitive or exemplary damages against Bayer because such an award, which is penal in nature, would violate Bayer's rights under the United States Constitution and any applicable state constitution, unless Bayer is afforded the same procedural safeguards as are

criminal defendants.

<strong><u>SIXTY-SEVENTH DEFENSE</u></strong>

Any imposition of punitive or exemplary damages in this case against Bayer would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute an undue and unreasonable burden on interstate commerce.

<strong><u>SIXTY-EIGHTH DEFENSE</u></strong>

With respect to Plaintiff's demand for punitive or exemplary damages, Bayer incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under applicable state law.

<strong><u>SIXTY-NINTH DEFENSE</u></strong>

No act or omission of Bayer was intentional, fraudulent, malicious, reckless, in any way morally culpable, or made with conscious, malicious, or intentional disregard for the health and well-being of Plaintiff or others. Bayer asserts all statutory or judicial protections from punitive or exemplary damages that are available under applicable law, and any award of punitive or exemplary damages is barred.

<strong><u>SEVENTIETH DEFENSE</u></strong>

Plaintiff's claim for punitive damages against Bayer cannot be sustained because, in all respects pertinent to this action, Bayer complied with applicable industry standards and did not engage in a deliberate course of conduct which knowingly endangered those using Avelox®.

<strong><u>SEVENTY-FIRST DEFENSE</u></strong>

Plaintiff's Complaint seeks damages in excess of those permitted by law. Bayer asserts any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

<strong><u>SEVENTY-SECOND DEFENSE</u></strong>

The imposition of punitive or exemplary damages would violate the open court provision(s) of applicable state constitution(s) and other applicable law.

<strong><u>SEVENTY-THIRD DEFENSE</u></strong>

Bayer gives notice that they intend to rely upon other defenses that may become apparent

29

during the course of the litigation, and reserve the right to amend this Answer to assert any such defenses. Bayer is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute, or any other applicable federal or state law.

### **SEVENTY-FOURTH DEFENSE**

Some or all of Plaintiff's claims and/or damages, if any, may be barred, limited, or offset by the law of other states that may govern under California's choice of law provisions and resulting application of law from other jurisdictions such as Tennessee. These may include, without limitation, Tennessee's applicable statute of limitations, its modified comparative fault doctrine, and limitations on the award of non-economic and punitive damages.

### **SEVENTY-FIFTH DEFENSE**

Bayer adopts and incorporates by reference any and all affirmative defenses asserted by other defendants in this lawsuit to the extent such affirmative defenses are not raised herein and are consistent with the defenses raised by Bayer.

### **SEVENTY-SIXTH DEFENSE**

Bayer reserves the right to amend their Answer to assert additional defenses upon completion of further investigation and discovery.

### **DEMAND FOR JURY TRIAL**

Bayer specifically requests and demands a trial by jury as to all issues so triable.

WHEREFORE, Defendant Bayer HealthCare Pharmaceuticals, Inc. prays that:

(1)     Plaintiff takes nothing by reason of the Complaint;

(2)     the Complaint be dismissed in its entirety and that a Judgment against Plaintiff and in favor of Bayer be entered;

(3)     Bayer be awarded their costs and expenses; and

//

//

//

1             (4)     this Court award Bayer any other and general or specific relief as this Court

2     may deem just and proper.

3     Date: October 3, 2014                                     SHOOK, HARDY & BACON L.L.P.

4

5                                                               By:    */s/ Alicia J. Donahue*
                                                                        Alicia J. Donahue

6                                                               Attorneys for Defendants
7                                                               BAYER HEALTHCARE PHARMACEUTICALS,
                                                                INC. and MERCK & CO., INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28